In the Matter of the Application of CARLETON B. SHAW, as Committee, etc., of EMILY J. GLASS, an Incompetent, for Permission as Creditor to Open a Decree Made in the Estate of OTTO GOELZER, Deceased.— Order reversed as to its first ordering paragraph and otherwise affirmed, without costs of this appeal to either party, and matter remitted to the Surrogate's Court for a hearing and determination upon the question of the executor's bad faith. (See Matter of Recknagel, 148 App. Div. 268.) All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

LEWIS H. COOK, as Administrator, etc., of SIDNEY COOK, Deceased, Respondent, v. THOMAS ALOE, Doing Business under the Firm Name and Style of ALOE-HANSEN ENGINEERING AND CONSTRUCTION COMPANY, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $8,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified is, together with the order, affirmed, without costs of this appeal to either party. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

ASSURANCE COMPANY OF AMERICA and Others, Appellants, v. JAMES C. DAVIS, Director-General of Railroads, as Agent, etc., Respondent, Impleaded with Others, Defendants.— Judgment and order affirmed, with costs. All concur. Present — Crouch, Taylor, Edgcomb, Thompson and Crosby, JJ.

CARL R. SAHRLES, Respondent, v. HOWARD T. LEACH, Appellant.— Judgment and order affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

JOHN N. KNIFFIN, Respondent, v. CARLTON MILLER, Appellant.— Order reversed on the law and facts and verdict reinstated, with costs. We are of the opinion that there was sufficient evidence to justify the charge made by the trial justice in respect to the plaintiff leaving the side of the street when the signal light was against him, and this was substantially conceded by the counsel for the plaintiff in the subsequent requests, and that no other error of law or fact is found to justify the exercise of the power of the trial court to set aside the verdict. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

In the Matter of the Probate of the Last Will and Testament and Codicil Thereto of WILLIAM CHAFER, Deceased; MARY BELLE CHAFER, Appellant, v. ROY F. CHAFER and Others, Respondents.— Decree so far as appealed from reversed on the law, with costs to the appellant, payable out of the estate and matter remitted to the Surrogate's Court for further proceedings on the ground that the law does not authorize a guardian to institute a discovery proceeding under the circumstances shown in this record (Surr. Ct. Act, § 205) and that the record discloses nothing which authorized the surrogate to require the executor to give a bond. (Surr. Ct. Act, §§ 94-97.) All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.